**COURT OF APPEALS
DECISION
DATED AND FILED**

**June 25, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2026AP498
2026AP647
STATE OF WISCONSIN**

Cir. Ct. No. 2024TP13

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO C.M.C.,
A PERSON UNDER THE AGE OF 18:

WAUPACA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

J.L.C.,

RESPONDENT-APPELLANT.

IN RE THE TERMINATION OF PARENTAL RIGHTS TO C.M.C.,
A PERSON UNDER THE AGE OF 18:

WAUPACA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

**M.M.C.,**

    **RESPONDENT-APPELLANT.**

---

        APPEALS from an order of the circuit court for Waupaca County: VICKI L. CLUSSMAN, Judge. *Reversed and causes remanded with directions.*

    ¶1    GRAHAM, P.J.[1]  J.L.C. and M.M.C. each appeal the circuit court order that terminated their parental rights to their child, C.M.C. The parents argue that the court erred in granting Waupaca County's motion for partial summary judgment during the grounds phase of these termination of parental rights (TPR) proceedings. The ground on which summary judgment was granted—continuing denial of visitation—requires the County to prove that the parents received notice of the conditions for resuming visitation with C.M.C. The County has not shown that the parents received adequate notice of the conditions for resuming visitation, so the ground was not satisfied.

    ¶2    I therefore reverse the order terminating J.L.C.'s and M.M.C.'s parental rights and direct that on remand, the circuit court grant partial summary judgment to both parents on the continuing denial of visitation ground. This grant of partial summary judgment will not prevent the court from conducting further proceedings as needed regarding the remaining alleged grounds for terminating J.L.C.'s and M.M.C.'s parental rights.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

## BACKGROUND

¶3      M.M.C. is C.M.C.'s mother, and C.M.C was removed from her care in April 2023, shortly after C.M.C.'s birth. Testing of both mother and child revealed positive results for THC, amphetamines, and opiates. C.M.C. was placed with M.M.C.'s mother. The County filed a petition to have C.M.C. declared to be a child in need of protection and services (CHIPS), and a CHIPS order was entered later that same month.

¶4      There was an "emergency change of placement" in the CHIPS case in October 2023, and C.M.C. was placed in the home of a foster family. M.M.C. had regular visitation with C.M.C. during this time, and beginning in February 2024, J.L.C.—who had not initially been involved in the CHIPS case because he had not been identified as C.M.C.'s father—began to have visitation as well. In June of that same year, the foster parents alleged that C.M.C. showed problematic behaviors after visiting with her birth parents. In response, M.M.C. voluntarily suggested suspending visitation.

¶5      In July 2024, the CHIPS court entered an order formally suspending visits between C.M.C. and her parents. The CHIPS court later amended that order in April 2025. I discuss the July 2024 and April 2025 orders, which are the basis of the grant of summary judgment in this TPR proceeding, at greater length below.

¶6      Meanwhile, in October 2024, the County filed a petition to terminate both M.M.C.'s and J.L.C.'s parental rights. The petition, which initiated this TPR proceeding, alleged two grounds as to both parents: continuing CHIPS under WIS. STAT. § 48.415(2)(a), and failure to assume parental responsibility under § 48.415(6). The petition also alleged an additional ground as to J.L.C.: abandonment under § 48.415(1)(a)2. and 3.

¶7     The case was set for a jury trial to be held in September 2025. However, in July 2025, the County filed an amended petition adding a new ground for termination as to each parent: continuing denial of visitation under WIS. STAT. § 48.415(4). On the same day, the County moved for summary judgment on this new continuing denial of visitation ground. The County based the new ground, as well as the summary judgment motion, on the July 2024 order from the CHIPS court that denied visitation, and the fact that a year had passed without that court amending the order to permit visitation.

¶8     The parents objected to the amended petition and opposed the motion for summary judgment. In particular, they pointed out that the original July 2024 order denying visitation had not remained in force for a full year. As the parents explained, the CHIPS court had entered an April 2025 "Order for Revision of Dispositional Order with Termination of Parental Rights Notice," and that order imposed a set of conditions for resuming visitation that were substantially different from the conditions that had been imposed by the July 2024 order. The parents argued that WIS. STAT. § 48.415(4) does not contemplate that the one-year period of denial of visitation can be comprised of periods of less than a year that are governed by different conditions for the resumption of visitation. Alternatively, the parents argued that if the statute permitted termination of their rights based in part on a failure to satisfy conditions that were added three months before the end of the one-year period, that interpretation of the statute would violate the parents' due process rights. The parents also argued that some of the conditions for resumption of visitation were impossible for them to meet.

¶9     The circuit court granted summary judgment to the County on the continuing denial of visitation ground. The grant of summary judgment obviated the need for a trial on grounds, and the case moved to the dispositional phase.

After an evidentiary hearing, the court determined that the termination of both parents' rights was in C.M.C.'s best interests. J.L.C. and M.M.C. appeal.

## DISCUSSION

¶10 There is a "two-part statutory procedure" for an involuntary termination of parental rights in Wisconsin. *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. In the first factfinding or "grounds" phase, the petitioner must prove the existence of "one or more of the statutorily enumerated grounds for termination of parental rights" by clear and convincing evidence. *Id.*; WIS. STAT. § 48.31(1). If such grounds are found to exist, the circuit court then proceeds to the second "dispositional" phase, in which it decides whether it is in the best interests of the child that the parent's rights be terminated. *Steven V.*, 271 Wis. 2d 1, ¶27; WIS. STAT. § 48.426(2).

¶11 Here, the circuit court concluded the grounds phase by granting summary judgment to the County on one of the alleged grounds. Parental unfitness may be decided on summary judgment if there are no material facts in dispute. *Steven V.*, 271 Wis. 2d 1, ¶5. This court reviews a grant of summary judgment de novo. *Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651, 476 N.W.2d 593 (Ct. App. 1991). Summary judgment is appropriate only if there are no material facts in dispute and a party is entitled to summary judgment as a matter of law. WIS. STAT. § 802.08; *Tomlin v. State Farm Mut. Auto. Liab. Ins. Co.*, 95 Wis. 2d 215, 218, 290 N.W.2d 285 (1980).

¶12 J.L.C. and M.M.C. argue that the circuit court erred when it concluded that the WIS. STAT. § 48.415(4) ground for termination of parental rights had been met as a matter of law. That ground is established by proving:

(a) That the parent has been denied periods of physical placement by [a] court order in an action affecting the family or has been denied visitation under an order under [WIS. STAT. §§] 48.345, 48.363, 48.365, 938.345, 938.363 or 938.365 containing the notice required by [WIS. STAT. §§] 48.356(2) or 938.356(2).

(b) That at least one year has elapsed since the order denying periods of physical placement or visitation was issued and the court has not subsequently modified its order so as to permit periods of physical placement or visitation.

§ 48.415(4). Focusing on the statutory language that pertains to this case, the questions are whether the parents had "been denied visitation under an order under [§] 48.345 … containing the notice required by [§] 48.356(2)" and whether "at least one year has elapsed since the order denying … visitation was issued and the court has not subsequently modified its order so as to permit periods of … visitation."

¶13 There are no pattern jury instructions for this ground, and there are few cases interpreting it. WIS JI—CHILDREN 335 ("No instruction is recommended.") But no party disputes that here, the County was required to prove that the parents were denied visitation by a court order in a CHIPS case; that the order denying visitation contained written notice of any ground for termination of parental rights that might be applicable and the conditions necessary for the parents to be granted visitation; and that the order had been in place for at least one year without having been modified to allow visitation. WIS. STAT. § 48.415(4).

¶14 The parents offer several arguments that these elements were not satisfied. Among other things, the parents argue that the orders denying visitation did not "contain[] the notice required by [WIS. STAT. §] 48.356(2)." There is no dispute that the CHIPS court's July 2024 order gave notice of potential TPR

6

grounds; the argument is that the order did not give notice of the conditions necessary for the parents to resume visitation.

¶15    I agree with the parents that they did not receive notice of the conditions to resume visitation, and that this lack of notice requires reversal of the summary judgment.  I reach this conclusion because, even assuming that the July 2024 order and the April 2025 order can be considered together as covering the entire one-year period, these orders failed to give adequate notice of what the parents needed to do to resume visitation.  *See **Waukesha County v. Steven H.**,* 2000 WI 28, ¶37, 233 Wis. 2d 344, 607 N.W.2d 607 (WIS. STAT. § 48.356(2) "is meant to ensure that a parent has adequate notice" of conditions).  Accordingly, I do not address the other arguments the parents raise.[2]

¶16    The July 2024 order sets forth three broad categories of conditions, each of which is followed by a bulleted list of more specific conditions that fall within the broad categories.  The three categories are: "Complete a psychological evaluation and complete any recommendations per the approved provider"; "Participate in meaningful visitation reintegration per the recommendations of the

---

[2] *See **League of Women Voters of Wis. Educ. Network, Inc. v. Walker***, 2013 WI App 77, ¶93 n.13, 348 Wis. 2d 714, 834 N.W.2d 393 ("[A]ppellate courts need not address non-dispositive issues.").  Among the issues I decline to address are as follows.  J.L.C. argues that because he was not a party to the CHIPS case until some months after the initial July 2024 order was entered, he cannot reasonably be said to have been denied visitation by that order for a full year.  Both parents renew their argument that the April 2025 order, which imposed new conditions for the resumption of visitation, interrupted the one-year period that began with the July 2024 order, such that the parents were not "denied visitation under *an* order" for "at least one year." WIS. STAT. § 48.415(4) (emphasis added).  The parents also argue that some of the listed conditions for resumption of visitation would be impossible for them to meet in the absence of contact with C.M.C.: for example, the requirements that they "[m]ake sure that your child see[s] the doctor and dentist when [s]he should," and that they visit the child without including other family members.  The parents further argue that terminating their parental rights based on conditions for resuming visitation that changed substantially three months before the end of the one-year period would violate their rights to due process.

psychological evaluation"; and "Show that you can care for and control your child properly and that you understand her special needs." After each of the three category headings, the order states: "*This condition includes but is not limited to*" a bulleted list of conditions that follow. (Emphasis in original.) In total, the order lists 22 specific conditions under the three broad headings.

¶17 As shown, the July 2024 order expressly states that the conditions are "not limited to" the specific items that are listed under each heading. The "includ[ing] but … not limited to" language unambiguously contemplates that the parents may have been required to satisfy additional unspecified conditions before they would be able to resume visitation with C.M.C. If the conditions are "not limited to" those that are listed in the order, it follows the order does not specify all of the "conditions necessary" to resume visitation, contrary to WIS. STAT. § 48.356(2). As the parents note, when the revised order was issued in April 2025, additional conditions were added and the "not limited to" language was removed, further indicating that the July 2024 order was not complete in its list of requirements for resuming visitation.

¶18 The County's sole response to the parents' argument that the July 2024 order did not purport to list all of the conditions for resumption of visitation is to offer a different interpretation of that order. The County asserts that the three broad headings were the only "conditions" that were imposed on resuming visitation, and the items listed after each heading were merely "examples and ways to comply with the condition." This is not a tenable interpretation of the language of the July 2024 order, which expressly states that each heading "includes" the listed items. It strains credulity to suggest that, for example, the instruction to "[t]ake any medications that your treating doctor or psychiatrist tells you to" or to "[p]articipate in parenting education with the assigned parent aid"

8

were merely "examples" rather than specific conditions that the County was expecting the parents to meet before they could resume visitation with C.M.C.

¶19     The County may also be arguing that the substance of any conditions is immaterial to establish the continuing denial of visitation ground.  It argues that "[t]he focus [of this ground] is on the amount of time a parent goes without seeing his or her child, not the conditions."

¶20     If the County is making this argument, it is undermined by this court's decision in *Chippewa County v. C.F.*, No. 2025AP1744, unpublished slip op. (WI App Jan. 21, 2026).[3]   There, the circuit court had granted summary judgment against a mother on the continuing denial of visitation ground, and on appeal, the mother argued that the order denying visitation did not give adequate notice of the conditions she needed to meet in order to be granted visitation with her child.  *Id.*, ¶1.  The County relied in part on a memorandum listing conditions which had been incorporated into the order denying visitation.  *Id.*, ¶¶4-5, 17-18.  The *C.F.* court concluded that the conditions in the memorandum did not satisfy the County's obligation to give the notice required by WIS. STAT. § 48.356.  *C.F.*, No. 2025AP1744, ¶¶18-19.   In addition to other defects, the memorandum described the listed items as being "among the conditions" that had been ordered.  *Id.*   The *C.F.* court observed that "[s]tating that these three conditions were 'among' the conditions of reunification … indicates that there may have been other conditions that the County did not include," and reversed the termination of parental rights on that basis.  *Id.*, ¶¶19-20.

---

[3] I cite *Chippewa County v. C.F.*, No. 2025AP1744, unpublished slip op. (WI App Jan. 21, 2026) for its persuasive value pursuant to WIS. STAT. RULE 809.23(3)(b).

¶21    Here, the parents rely on this line of reasoning from *C.F.*, and the County does not meaningfully distinguish it. Although *C.F.* is not binding, I find it to be persuasive on these points. An order denying visitation, with its attached conditions for resumption of visitation, is an important legal document. It controls whether a parent is allowed to see the parent's child, which is a weighty constitutional matter. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972). Still more gravely, as in this case, the terms of the order can determine whether a parent's right to be involved with the child is forever extinguished. A document of this significance must be sufficiently precise so that a parent receives meaningful notice of the conduct that is expected of the parent to regain visitation with the child. WIS. STAT. § 48.356(2). The substance of the written conditions may not be the focus of the continuing denial of visitation ground, but any argument that the adequacy of the notice of conditions is wholly immaterial is unavailing.

¶22    For these reasons, I conclude that the circuit court erred in granting summary judgment to the County on the continuing denial of visitation ground. The County does not argue that there are material factual disputes that would require a jury trial on this ground, and no such disputes are apparent from the record. Accordingly, I reverse the order terminating the parents' rights to C.M.C. and remand with directions that the parents be granted summary judgment on the continuing denial of visitation ground. Further proceedings may be had on the remaining alleged grounds.

*By the Court.*—Order reversed and causes remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.